UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------

SOLOMON E. SHAMI

                                        Plaintiff,

-against-

WELTMAN WEINBERG & REIS, CO., L.P.A.
ROBERT B. WELTMAN AND
NATIONAL CITY BANK,

                                       Defendants.
-------------------------------------------------------------------

**CLASS ACTION COMPLAINT**

CV-09 264

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JAN 22 2009 ★

BLOCK, J.
LONG ISLAND OFFICE
AZRACK, M.

## COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

Plaintiff brings this action on his own behalf and on behalf of all others similarly situated for damages arising from the defendants' violation of § 1692 *et seq.* of Title 15 of the United States Code, the Fair Debt Collections Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### Introduction

1. This action seeks redress for the illegal practices of defendants, concerning the collection of debt, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

### Jurisdiction and Venue

2. This Court has Federal question jurisdiction under 28 U.S.C. § 1331.

1

3. Venue is proper in this District because the acts and transactions that give rise to this action occurred, in substantial part, in this District. Additionally, plaintiff resides in this District.

4. Plaintiff is a resident of the State of New York who resides in the Eastern District.

5. Plaintiff is a "Consumer" as that term is defined by § 1692(a)(3) of the FDCPA in that the alleged debt that the defendants sought to collect from plaintiff is a consumer debt.

6. Upon information and belief, defendant, Robert B. Weltman is an attorney located in Ohio. Weltman, Weinberg & Reis Co., L.P.A. is a law firm located in Ohio. National City Bank ("National") is a banking institution located in Ohio. Upon information and belief at the direction of National the defendants, attorney and his law firm, did commence and prosecute a legal action outside the appropriate jurisdiction and in violation of 15 USC section 1692(i).

7. The abovementioned attorney and law firm are regularly engaged in the collection of debts allegedly owed by consumers and did act under the control and direction of their client National. (*See Fox v. Citicorp Credit Services, Inc.* 15 F.3d 1507, 1516 (C.A.9,1994))

8. Defendants are "Debt Collectors" as that term is defined by § 1692(a)(6) of the FDCPA.

9. Defendants did commence an action against the plaintiff in Ohio, a state where the plaintiff has never resided and in which the underlying contract was not executed. This action was commenced sometime after September 2, 2008. Further defendants did prior to the commencement of such action and in violation of the FDCPA, threaten

2

through various communications sent to the plaintiff in Brooklyn that it would take such illegal actions.

10. The action violates 15 U.S.C. §§ 1692(i), 1692(f) and 1692(e).

11. The defendants' actions were knowing and intentional and, as the court dockets of Ohio attest, taken against numerous consumers.

## CLASS ACTION ALLEGATIONS

12. Plaintiff brings this action as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of plaintiff and all consumers and their successors in interest (the "Class") who have been sued in Ohio in violation of 1692(i). Excluded from the Class are the defendants herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the defendants, including, without limitation, persons who are officers, directors, employees, associates or partners of defendants.

13. This action is properly maintained as a class action. This Class satisfies all the requirements of Rule 23 for maintaining a class action.

14. The Class is so numerous that joinder of all members is impracticable. Upon information and belief, 40 or more persons have received debt collection notices from the defendants, which violate various provisions of the FDCPA.

15. There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a. Whether the defendants violated various provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692(i), 1692(f) and 1692(e).

restitution as a result of defendants' wrongdoing and, if so, what is the proper procedure and appropriate statutory formula to be applied in determining such damages and restitution.

16. Plaintiff's claims are typical of the claims of the Class, and plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

17. Plaintiff will fairly and adequately protect the interests of the Class and have retained experienced counsel, competent in the prosecution of class action litigation.

18. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

19. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a class action the Class members will continue to suffer losses of statutorily protected rights as well as monetary damages and if defendants' conduct will proceed without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

4

20. Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate relief with respect to the Class as a whole.

## AS AND FOR A FIRST CAUSE OF ACTION

21. Plaintiff re-alleges and incorporates herein by reference, all the foregoing paragraphs as if set forth fully herein.

22. Defendants violated the FDCPA by suing plaintiff in a venue where he did not reside and where the contract was not signed. Defendants violated the act by threatening the consumer that they would sue him in Ohio. Defendants further violated § 1692(f) and 1692(e) based upon the above conduct.

**WHEREFORE**, plaintiff respectfully requests that the Court enter judgment as follows:

a) Declaring that this action is properly maintainable as a class action and certifying plaintiff as Class representative;

b) Awarding plaintiff and the class statutory damages;

c) Awarding plaintiff and the class costs of this action, including reasonable attorneys' fees and expenses;

d) Awarding injunctive and declaratory relief; and

e) Awarding plaintiff and the class such other and further relief as the Court may deem just and proper.

Dated: Cedarhurst, New York
January 19, 2009

Plaintiff requests trial by jury on all issues so triable.

5

Lawrence Katz
445 Central Avenue Suite 206
Cedarhurst, New York 11516
Telephone (516) 374-2118
Facsimile (516) 706-2404